James P. Gutierrez, Esq. (SBN 240439)
**Gutierrez Law Firm**
301 W. Mission Blvd., Suite 8
Pomona, California 91766
(909) 791-1313 / (909) 791-1314 fax
jpsglaw@gmail.com

Attorneys for Plaintiff,
Randy Dominguez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| RANDY DOMINGUEZ, | Case No.: |
|---|---|
| Plaintiff, | COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. Unlawful Seizure Of Person (U.S. Const. Amend. 4); |
| CITY OF SAN BERNARDINO; SAN BERNARDINO POLICE DEPARTMENT; and SAN BERNARDINO POLICE OFFICER DOES 1 through 10, inclusive, | 2. Excessive / Unreasonable Force (U.S. Const. Amend. 4); |
| | 3. Deliberate Fabrication Of Evidence (U.S. Const. Amend 14.) |
| Defendants. | 4. Violation Of Fourth And Fourteenth Amendments – Malicious Prosecution; |
| | 5. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 1, 4 & 14); |
| | 6. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 1, 4 & 14) |
| | 7. Violation of First Amendment – Right to Press |
| | **JURY TRIAL DEMANDED** |

**COMES NOW** Plaintiff Randy Dominguez and shows this honorable court the following:

COMPLAINT FOR DAMAGES
1

# JURISDICTIONAL ALLEGATIONS

1. As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2. As the incidents complained of in this action occurred in the City of San Bernardino, State of California, within the territorial jurisdiction of this court, the venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3. Plaintiff's claims are timely brought.

# GENERAL ALLEGATIONS

4. Plaintiff Randy Dominguez, hereinafter referred to as "DOMINGUEZ" or "Plaintiff DOMINUEZ", is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

5. Defendant City of San Bernardino, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6. Defendant San Bernardino Police Department, hereinafter also referred to as "S.B.P.D.", is a City of San Bernardino agency located in the State of California; within the territorial jurisdiction of this court.

7. Defendants SAN BERNARDINO POLICE OFFICER DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special Officers and/or dispatchers and/or

some other public officer, public official or employee of defendant CITY and/or otherwise employed by the San Bernardino Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend his complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

8. At all times complained of herein, the SAN BERANRDINO POLICE OFFICER DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the San Bernardino Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

9. Defendants San Bernardino Police Officer DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by the San Bernardino Police Department and/or defendant City of San Bernardino, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiff

in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the San Bernardino Police Department Department for, *inter alia*,: 1) for unlawfully seizing persons; 2) using excessive force upon persons; 3) for retaliating against persons for exercising freedom of speech; 4) fabricating evidence to procure the bogus criminal prosecutions of and the false convictions of innocents; and 5) covering up tortious conduct by San Bernardino Police Department peace officers.

10. At all times complained of herein, the San Bernardino Police Officer DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as Chief of Police and/or the Assistant Chief of Police and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the San Bernardino Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

11. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and

COMPLAINT FOR DAMAGES

4

pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described herein, above and below), and/or policy making peace officers, with the San Bernardino Police Department and/or otherwise with defendant CITY[1].

12. Plaintiff is presently unaware of the identities of DOES 1 through 10, inclusive, and will amend his complaint to add and to show the actual names of said DOE defendants, when made known to plaintiff.

13. In addition to the above and foregoing, Defendants San Bernardino Police Officer DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

14. Defendants San Bernardino Police Officer DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein, all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

15. Said conspiracy/agreement / understanding / plan/scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

---

[1] Such as a COUNTY executive officer.

COMPLAINT FOR DAMAGES

5

of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

# FIRST CAUSE OF ACTION
# VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (Against San Bernardino Police Officer DOES 1 through 6, inclusive)

16. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 15, inclusive, above, as if set forth in full herein.

17. On May 20, 2020, Plaintiff DOMINGUEZ was arrested by the San Bernardino Police Department Officer DOES 1 through 6, inclusive, on the 10 (Ten) Freeway, in the County of Los Angeles, within the City of Pomona, California.

19. DOMINGUEZ, who is a licensed independent journalist.

20. DOMINGUEZ's area of operation is the San Gabriel Valley, Los Angeles County, California.

21. DOMINGUEZ heard on the police scanner that there was a high-speed chase coming from the City of San Bernardino down the 10 (Ten) Freeway, heading towards the City of Los Angeles.

22. DOMINGUEZ positioned himself on Indian Hill Boulevard, on the Westbound 10 (Ten) Freeway, and captured a passing shot of the suspect driving and the pursuing San Bernardino Police Officers (hereinafter referred to as "SBPD") and California Highway Patrol (hereinafter referred to as "CHP") on the

Westbound on the 10 (Ten) Freeway at Indian Hill Boulevard in the City of Claremont.

23. DOMINGUEZ jumped into his press-labeled car and followed safely behind the pursuing SBPD and CHP. The suspect pulled over under the Fairplex Drive overpass on the 10 (Ten) Freeway in the City of Pomona, Los Angeles County.

24. Dominguez slowly made his way up to where there was another news stringer (independent news journalist) who was covering the same story.

25. The other news reporter was between the end of the pursuit and officers on the 10 (Ten) freeway.

26. DOMINGUEZ made eye contact with one of the CHP officers and the CHP officer let him continue to park behind the other news media vehicle.

27. Once DOMINGUEZ parked behind the other media stringer, he noticed two SBPD officers pushing and shoving one of the different media singers back to his vehicle.

28. DOMINGUEZ noticed one of the motor officers drop his gun on the freeway.

29. After the SBPD officers arrested the other media stringer, they then threatened to arrest DOMINGUEZ if he didn't get back in his vehicle and get off the freeway.

COMPLAINT FOR DAMAGES

7

30. One of the SBPD motor officers walked towards DOMINGUEZ, pushed him in his vehicle, and told him to get off the freeway; if not, he would be arrested.

31. One of the SBPD officers walked towards DOMINGUEZ, pushed him into his vehicle, and told him to get off the freeway. If not, he would be arrested.

32. The traffic was not completely stopped, but DOMINGUEZ still had to turn around and leave. DOMINGUEZ was scared of being arrested, so complied with the SBPD officer.

33. DOMINGUEZ drove the wrong way on the freeway to where the other officers had all the traffic stopped, per the SBPD officer's instruction.

34. After about 45 minutes to an hour, the same SBPD officer told him to get in his car and leave.

35. DOMINGUEZ drove back to where he was, where he was arrested and given a citation. He was arrested and cited at the scene, then released.

36. Per the citation, DOMINGUEZ appeared at the San Bernardino Superior Court and was informed that his case had been "rejected."

37. As complained of herein above, none of the defendants to this action had a warrant for the plaintiff's arrest, nor probable cause to believe that the plaintiff had committed a crime, nor reasonable suspicion of criminality afoot by the plaintiff, or any suspicion that the plaintiff was a danger to anyone or anything.

38. Accordingly, the seizure of the plaintiff by SBPD OFFICER DOES 1 through 6, inclusive of threatened use of force, constituted an unlawful and unreasonable seizure of the plaintiff in violation of his rights under the Fourth Amendment to the United States Constitution.

39. As a direct and proximate result of the actions of defendants SBPD OFFICER DOES 1 through 6, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally, and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.00.

40. The actions by said defendants were committed maliciously, oppressively, and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $2,000,000.00.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth Amendment Rights -**
**Excessive/Unreasonable Use of Force on Person**
**(SAN BERNARDINO POLICE OFFICER DOES 1 through 6, inclusive)**

41. Plaintiff hereby realleges and re-incorporates by reference the allegations set forth in paragraphs 1 through 40 inclusive, above, as if set forth in full herein.

42. As mentioned above and in addition to the above and foregoing, when DOMINGUEZ was unlawfully arrested, he was physically tortured by SBPD OFFICER DOES 1 through 6, inclusive.

43. The actions of Defendants SBPD OFFICER DOES 1 through 6, inclusive, as complained above herein, constituted a violation of DOMINGUEZ's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful, unreasonable, and excessive force upon his person.

44. As a direct and proximate result of the actions of Defendants SBPD OFFICER DOES 1 through 6, inclusive, DOMINGUEZ was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $1,000,000.00.

45. The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and in reckless disregard of DOMINGUEZ's constitutional rights, sufficient for an award of punitive/exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $2,000,000.00.

/ / /

/ / /

# THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of Fourteenth Amendment Rights -
Deliberate Fabrication of Evidence**
**(SAN BERNARDINO POLICE OFFICER DOES 1 through 6, inclusive)**

46. Plaintiff hereby realleges and incorporates by reference the Allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth in full herein.

47. SBPD OFFICER DOES 1 through 6, inclusive, deliberately fabricated evidence used to criminally charge and prosecute DOMINGUEZ.

48. The reports authored by SBPD OFFICER DOES 1 through 6, inclusive, are littered with material misrepresentations. The reports allege that DOMINGUEZ was not complying with the officers (something the defendants knew was not true) and that he committed code violations (something that the defendants knew was not true.) The reports were ultimately submitted to the San Bernardino County District Attorney's Office and eventually rejected.

49. Defendants knew that they were misrepresenting the facts of this incident and were deliberately indifferent to the fact that their misrepresentations were relied upon during the potential prosecution of DOMINGUEZ.

50. The SBPD DOES 1 through 6, inclusive, as Complained of herein, constituted a violation of DOMINGUEZ's rights under the Fourteenth Amendment to the United States Constitution.

51. As a direct and proximate result of the actions of Defendants SBPD OFFICER DOES 1 through 6, inclusive, as complained of herein, DOMINGUEZ: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.00.

52. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and in reckless disregard of DOMINGUEZ's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial, which is in excess of $2,000,000.00.

**FOURTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION**
**VIOLATION OF 42 U.S.C. § 1983**
**Violation of Fourth And Fourteenth Amendment Right**
**(By SAN BERNARDINO OFFICER DOES 1 through 6, inclusive)**

53. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, inclusive, above, as if set forth in full herein.

54. As shown above, SBPD OFFICER DOES 1 through 6, inclusive, falsely arrested plaintiff DOMINGUEZ.

55. Also, as shown above, SBPD OFFICER DOES 1 through 6, inclusive, knew that plaintiff DOMINGUEZ had not committed any crimes, and, nonetheless, authored bogus reports, intentionally testified untruthfully, and accused plaintiff DOMINGUEZ of various acts to show that plaintiff had committed a crime.

56. Said reports and testimony by SBPD OFFICER DOES 1 through 6, inclusive, also contained material misrepresentations of facts and material omission of facts upon which the San Bernardino County District Attorney's Office relied, in large part, in deciding not to file against DOMINGUEZ.

57. Moreover, the San Bernardino District Attorney rejected the criminal action against DOMINGUEZ in his favor in a manner inconsistent with guilt.

58. Moreover, as shown above, none of said defendant officers had probable cause to believe that DOMINGUEZ committed a crime.

59. Moreover, said criminal action was procured by said defendants with malice.

60. Moreover, as California does not provide for any remedy for an aggrieved malicious prosecution victim to sue a public employee for the filing and/or procurement of a bogus criminal action, pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), the actions of said defendants constituted a violation of the Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

61. As a direct and proximate result of the actions of defendants

COMPLAINT FOR DAMAGES
13

SBPD OFFICER DOES 1 through 6, inclusive, as complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real and personal property and 4) incurred other special and general damages and expenses, including attorney's fees and associated costs; all in an amount to be proven at trial which is in excess of $1,000.000.00.

62. The actions of defendants SBPD OFFICER DOES 1 through 6, inclusive, as complained of herein, were committed maliciously, oppressively, and/or in reckless disregard of the plaintiff's constitutional rights, sufficient for an award of punitive exemplary damages against all defendants, save for defendant COUNTY, in an amount to be proven at trial which is in excess of $2,000,000.00.

### FIFTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
**FEDERAL CLAIM FOR FAILURE TO PROPERLY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE**
**(Against Defendant CITY)**

63. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 62, inclusive, above, as if set forth in full herein.

64. As complained of herein above, the acts of Defendants SBPS OFFICER DOES 1 through 6 deprived the plaintiff of his rights under the laws of the United States and The United States Constitution.

65. The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they

were presented with when they confronted the plaintiff, including training on: 1) when they are permitted to arrest persons; and 2) when they are permitted to use force against persons and the reasonable amount of force.

66. CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

67. The failure of CITY to provide adequate training caused the deprivation of the plaintiff's rights by Defendants SBPD OFFICER DOES 1 through 6, inclusive.

68. CITY's failure to train is closely related to the deprivation of plaintiff's rights as to be the moving force that ultimately caused plaintiff's injuries.

69. As a direct and proximate result of the actions of the CITY, complained of herein, Plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees, and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $1,000,000.00.

**SIXTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(Against Defendant CITY)**

70. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 69 inclusive above, as if set forth in full herein.

COMPLAINT FOR DAMAGES

71. As shown above, the actions of Defendants SBPD OFFICER DOES 1 through 6, inclusive, deprived the plaintiff of his particular rights under the United States Constitution, as described above.

72. At all times complained of herein, Defendants SBPD OFFICER DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages, and practices of the San Bernardino Police Department/defendant CITY: 1) for unlawfully arresting persons; 2) for using excessive force upon persons; and 3) for covering-up unlawful and tortious conduct by San Bernardino Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

73. Said actions of said defendants were done by them under the color of state law.

74. As a proximate result of said defendants acting pursuant to said policies, customs, usages, and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

75. As a direct and proximate result of the actions of defendant CITY, as complained of herein, the plaintiff: 1) was substantially physically, mentally, and emotionally injured, and great physical, mental, and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5)

incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $1,000,000.00.

**SIXTH CAUSE OF ACTION**
**[VIOLATION OF 1st Amendment of the United States Constitution]**
**Congress shall make no law … abridging the**
**freedom of speech, or of the press; ....**
**(Against Defendant SAN BERNARDINO**
**POLICE OFFICER DOES 1 THROUGH 6)**

76. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 75 inclusive, above, as if set forth in full herein.

77. As shown above, the actions of Defendants SBPD OFFICER DOES 1 through 6, inclusive, deprived the plaintiff of his First Amendment rights under the United States Constitution as a news reporter and as described above.

78. At all times complained of herein, Defendants SBPD OFFICER DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages, and practices of the San Bernardino Police Department/defendant CITY: 1) for unlawfully arresting persons; 2) for using excessive force upon persons; and 3) for covering-up unlawful and tortious conduct by San Bernardino Police Department personnel and were a proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

79. Said actions of said defendants were done by them under the color of state law.

80. As a direct and proximate result of the actions of Defendants SBPD OFFICER DOES 1 through 6, inclusive, as complained of herein, DOMINGUEZ: 1) was substantially physically, mentally and emotionally injured; 2) incurred deprivation of plaintiff's right to exercise his rights as a journalist and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $1,000,000.00.

52. The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively, and in reckless disregard of DOMINGUEZ's constitutional rights, sufficient for an award of punitive/exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial, which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:
- a) For a judgment against all defendants for compensatory damages in an amount in excess of $1,000,000.00;
- b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $2,000,000.00;
- c) For an award of reasonable attorney's fees and costs;
- d) For a trial by jury; and
- e) For such other and further relief as this honorable court deems just and equitable.

*/S/ James Gutierrez*___
JAMES GUTIERREZ

COMPLAINT FOR DAMAGES
18